UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-60695-ALTMAN/Hunt

**KELLY DAWN VERBAL**,
*individually and on behalf of others similarly situated*,

    *Plaintiffs*,
v.

**TIVA HEALTHCARE, INC.**, *et al.*,

    *Defendants.*
_____/

## ORDER

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1995). It is, in fact, the Court's responsibility to "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." FED. R. CIV. P. 12(h)(3) (emphasis added); *see also Boone v. Sec'y, Dep't of Corr.*, 377 F.3d 1315, 1316 (11th Cir. 2004) (affirming district court's *sua sponte* dismissal for lack of subject-matter jurisdiction).

In 2005, Congress enacted the Class Action Fairness Act ("CAFA"), PUB. L. NO. 109–2 § 2(b), 119 STAT. 4, "which amended the federal diversity jurisdiction statute, 28 U.S.C. § 1332, to provide special rules for class action lawsuits," *Smith v. Marcus & Millchap, Inc.*, 991 F.3d 1145, 1149–50 (11th Cir. 2021). "CAFA grants federal district courts jurisdiction over class actions where (1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members." *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 911 (11th Cir. 2014); *see also* 28 U.S.C.

§ 1332(d)(2), (5)–(6). In CAFA cases, as in "traditional" cases, "the party seeking a federal venue must establish the venue's jurisdictional requirements." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007).

On March 9, 2023, the parties jointly filed a Notice of Request for Status Conference Regarding Jurisdiction (the "Notice") [ECF No. 95], in which they admitted that "the jurisdictional threshold of the Class Action Fairness Act, although pled in good faith in this matter, was not met in this case[.]" *Id.* at 1. "Specifically," the parties explained, "discovery has shown that there are not over 100 class members, and the amount in controversy is less than $5,000,000." *Ibid.* Having received and reviewed this Notice, on March 10, 2023, we stayed and closed the case. *See* Paperless Order [ECF No. 96]. In doing so, we informed the parties that we were "disinclined to try a case over which we do not have jurisdiction," and that we would investigate the jurisdictional issue before "appris[ing] the parties of our decision[.]" *Ibid.*

The parties advance only one argument in support of their "request [for the] Court to retain jurisdiction." Notice at 1. Their argument goes like this: Although it's undisputed that CAFA's requirements haven't been met, we should retain jurisdiction because, at one point, the parties *believed* "in good faith" that they *had* been. *See ibid.* ("The Parties request the Court retain jurisdiction based on the good faith pleading at the inception of this matter."). The parties also acknowledge that they couldn't find "any cases" in which a federal court retained jurisdiction over a CAFA case "where a good faith belief existed at the time of filing, but the certified class does not meet the CAFA threshold." *Id.* at 2. Nor could we.

Having reviewed the filings and the relevant law, we now exercise our authority (and, indeed, our obligation) under FED. R. CIV. P. 12(h)(3) to *sua sponte* dismiss this case for lack of subject-matter jurisdiction. We find no basis in the rules or in our precedents for the argument that a good-faith belief at the outset of a case supersedes our statutorily imposed jurisdictional requirements. On the contrary,

"[i]t is axiomatic that federal jurisdiction can never be created by the parties." *Fitzgerald*, 760 F.2d at 1251. "Even though a particular litigant or both litigants in a case may for some reason desire to be in federal court, there is an obligation to admit the lack of jurisdiction where it does not exist and to make inquiry when jurisdiction is uncertain." *Ibid.*; *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

Our parties acknowledged in a sworn filing that there are fewer than one-hundred class members, and that the class seeks to recover damages of *less* than five-million dollars. *See* Notice at 1. This case, therefore, fails to meet CAFA's jurisdictional requirements. Nor do we have subject-matter jurisdiction in any other way: The parties aren't completely diverse, *see* Amended Complaint [ECF No. 27] at 2–3, and neither of the complaint's causes of action arises under federal law, *see id.* at 8–9 (describing Count I as breach of contract and Count II as promissory estoppel). Because the parties have "failed to meet their burden of establishing the CAFA requirements by a preponderance of the evidence," and since we find jurisdiction "otherwise lacking," we have "no subject matter jurisdiction to entertain . . . any other matter pending in this case." *White v. Impac Funding Corp.*, 2011 WL 836947, at *6 (M.D. Fla. Feb. 15, 2011) (Baker, Mag. J.), *report and recommendation adopted*, 2011 WL 861172 (M.D. Fla. Mar. 9, 2011) (Antoon, J.); *see also Reilly v. Amy's Kitchen Inc.*, 2 F. Supp. 3d 1300, 1305 (S.D. Fla. 2014) (Cohn, J.) ("Because [p]laintiff has failed to meet CAFA's $5 million amount in controversy minimum, the Court will . . . dismiss this action without prejudice for lack of subject matter jurisdiction."). Under Rule 12(h)(3), therefore, we dismiss this case for lack of subject-matter jurisdiction.

\*\*\*

Accordingly, we hereby **ORDER AND ADJUDGE** that this matter is **DISMISSED** *without prejudice*. This case shall remain **CLOSED**. All hearings and deadlines are **TERMINATED**, and all other pending motions are **DENIED as MOOT**.

**DONE AND ORDERED** in the Southern District of Florida on July 13, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record